LAW OFFICE OF
# DAVID DINOSO, ESQ.

DAVID@DINOSOLAW.COM

November 9, 2021

**Via ECF and Electronic Mail**
Failla_NYSDChambers@nysd.uscourts.gov

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103.
New York, NY 10007

     **Re:** *Gordon v. Gazes*, **Case Nos. 21 Civ. 8087 (KPF), 21 Civ. 8090 (KPF), 21 Civ. 8093 (KPF)**

Dear Judge Failla:

I represent Ian J. Gazes, chapter 11 trustee (the "Trustee") in the bankruptcy case of 22 Fiske Place, LLC (the "Debtor") and Appellee in each of the above-referenced bankruptcy appeals from:

- the *Order (a) Imposing Sanctions Against Brent Chapman, Esq., Counsel to Nicholas Gordon, Pursuant to Bankruptcy Rule 9011, and (b) Denying Cross-Motion of Nicholas Gordon to Disqualify the Chapter 11 Trustee, Ian J. Gazes, Pursuant to Section 324(a) of the Bankruptcy Code* (Chapman, J) (the "Sanctions Order") of the United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Court");

- the Bankruptcy Court's *Order Granting Application for Allowance of Interim Compensation and Reimbursement of Expenses* (Chapman, J) (the "Interim Fee Order"); and

- the Bankruptcy Court's *Order Dismissing Adversary Complaint* (Chapman, J) (the "Dismissal Order" and with the Sanctions Order and the Interim Fee Order, the "Bankruptcy Court Orders")

Pursuant to Your Honor's *Individual Rules of Practice in Civil Cases*, Appellee is requesting a pre-motion conference in connection with Appellee's putative motion to dismiss all three pending appeals for lack of standing and under the waiver doctrine. I note from the outset that the Appellant *pro se*, Nicholas Godon, neither consents to the dismissal of his appeals nor Appellee's filling of the motion to dismiss.[1]

---

[1] The Trustee notes that prior correspondence and mail sent to Appellant's address of record has been returned with the following note, "Rdetrun to Sender. Vacant. Unable to Forward." Trustee's counsel, however, has been able to communicate with Mr. Gordon by phone and by e-mail at info@globalrealestatecapital.com.

These appeals arise from Mr. Gordon's claims in the court below that the Trustee's alleged malfeasance in administering his confirmed chapter 11 plan has resulted in a substantial injury to the Debtor's bankruptcy estate.  Namely, Mr. Gordon, the Debtor's sole member, incorrectly asserts that the Trustee failed to satisfy significant estate tax obligations while at the same time distributing estate funds without court authorization.   Even if these baseless claims were entirely true, however, Mr. Gordon would not have incurred any legally cognizable injury sufficient to invoke this Court's jurisdiction.

Under the Trustee's confirmed chapter 11 plan, the Debtor's creditors are entitled to a one hundred percent (100%) distribution on account of their allowed claims against the bankruptcy estate.  The plan further provides that any estate funds remaining at the close of the Debtor's bankruptcy case following the payment of these claims and the Trustee's costs of administration will be distributed to the reorganized Debtor, not its sole member, Mr. Gordon.  Under the plan, Mr. Gordon has instead retained his sole membership interest in the reorganized Debtor.  He has thus already received all that he is entitled to under the chapter 11 plan, nothing more and nothing less.  Mr. Gordon therefore lacks standing to challenge (a) that portion of the Sanctions Order denying his cross-motion to disqualify the Trustee based on his alleged mismanagement of the bankruptcy estate, (b) the entirety of the Interim Fee Order, and (c) the entirety of the Dismissal Order as none of these orders directly affects any pecuniary interest belonging to Mr. Gordon including his sole membership interest in the Debtor.

Mr. Gordon also lacks standing to challenge the Bankruptcy Court's discrete determination in the Sanctions Order that (a) various pleadings filed by Mr. Gordon's attorney, Brent C. Chapman, Esq., violated Rule 9011(b)(2) and (3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (b) those violations warranted the imposition of some form of monetary or nonmonetary sanctions against Mr. Chapman under Bankruptcy Rule 9011(c).  On those two issues, Mr. Chapman, not Mr. Gordon, would be the aggrieved party had he actually opposed the Trustee's request for sanctions on his own behalf in the court below.  Moreover, because Mr. Gordon did not oppose the specific sanction requested by Trustee pursuant to Bankruptcy Rule 9011(c)(2) – Mr. Chapman's disqualification from further representing Mr. Gordon in the Debtor's bankruptcy case – he has waived the right to do so now for the first time on appeal. The entirety of Mr. Gordon's appeal from the Sanctions Order should therefore be dismissed.

                                                Respectfully submitted,
                                                 /s/ David Dinoso

cc:     Nicholas Gordon via e-mail only (info@globalrealestatecapital.com)